**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEDRICK LEMONT HICKEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-599-SLP |
| | ) | |
| MICHAEL MILLER, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

Before the Court is Petitioner's Motion to Expand Record [Doc. No. 33] and Petitioner's Motion for Evidentiary Hearing [Doc. No. 32]. Respondent has filed a Response [Doc. No. 43]. The motions are at issue. For the reasons set forth below, the motions are DENIED.

Petitioner seeks to expand the record to include the following: (1) transcripts from the hearings in state district court held on January 22, 2021, June 2, 2021, and September 9, 2021; (2) "records from witness coordinator Sandy Steadman concerning all witnesses that the states [sic] prosecutors were having difficulty locating or [that] were unavailable for the first trial held 9-13-21;" and (3) alleged "newly discovered evidence" regarding a sexual relationship between "conflicted public defenders," including office records reprimands, write ups, and demotions. [Doc. No. 33] at 1-3. While Rule 7 of the Rules Governing Habeas Corpus Cases allows a district court to direct the parties to expand the record, the Court sees no reason for an expansion of the record at this time. In his Motion, Petitioner "fails to demonstrate that any of the requested documents would change the

result of the claims." *Hahn v. United States*, No. 21-CV-0880 KWR/DLM, 2025 WL 1135067 (D.N.M. Apr. 17, 2025), *certificate of appealability denied*, No. 25-2069, 2026 WL 1398752 (10th Cir. May 19, 2026) (denying Petitioner's Motion to Expand for failure to demonstrate that the requested documents would change the result of the claims, among other reasons). Instead, Petitioner asserts conclusory statements with no supporting facts. Additionally, as Respondent asserts in his Response, at least part of Petitioner's request seems to expand the record outside of the scope of what was before the state court that adjudicated the claims on the merits. [Doc. No. 43] at 1. And as the Supreme Court held in *Cullen v. Pinholster*, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claims on their merits." 563 U.S. 170, 181 (2011); *see also Champ v. Zavaras*, 431 F. App'x 641, 655 (10th Cir. 2011) (holding that the rule in *Cullen* applies to "any expansion of the record under Habeas Rule 7."). Therefore, Petitioner's Motion to Expand Record is DENIED.

Petitioner further requests an evidentiary hearing related to the transcripts, records, and alleged evidence listed *supra*. The Court deems this request premature. If the Court deems an evidentiary hearing to be warranted later, it will promptly order one.[1] Therefore, Petitioner's Motion for Evidentiary Hearing is DENIED.

IT IS THEREFORE ORDERED that Petitioner's Motion to Expand Record [Doc. No. 33] is DENIED.

---

[1] Furthermore, if the Court deems an expansion of the record warranted later, it will promptly order the parties to submit additional records.

IT IS FURTHER ORDERED that Petitioner's Motion for Evidentiary Hearing [Doc. No. 32] is DENIED.

IT IS SO ORDERED this 20th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**